**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.  CASE NO: 3:09-cr-312-J-34TEM

CHRISTOPHER REID

_____/

**O R D E R**

This matter is before the Court on the following motions filed by Defendant Christopher Reid: (1) motion to strike surplusage (Doc. #33); (2) motion for bill of particulars (Doc. #34); and (3) motion for disclosure of specific *Brady* materials (Doc. #35). A hearing regarding the instant motions was held before the undersigned on June 28, 2010 (Doc. #37, Minutes).[1] For the reasons stated herein and on the record at the hearing, Defendant's motion to strike surplusage (Doc. #33) shall be granted, in part, Defendant's motion for bill of particulars (Doc. #34) shall be granted, in part, and the motion for disclosure of specific *Brady* materials (Doc. #35) shall be granted to the extent provided herein.

**1. Motion to Strike Surplusage**

In Defendant's motion to strike surplusage (Doc. #33), Defendant argues the following statements should be stricken from the Superseding Indictment (Doc. #28, herein after referred to as the "Indictment"): (1) paragraph one of the Indictment, which states, *inter alia*, that Defendant obtained a Florida mortgage broker license, and maintained said

---

[1]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

license in active status until August 31, 2009; and (2) the words "upper-end" used to describe the homes that are the subject of the Indictment (Doc. #33 at 2-3).

First, Defendant argues that his mortgage broker license was issued by the State of Florida subsequent to the acts alleged in the Indictment, and should therefore not be mentioned in the Indictment (Doc. #33 at 2). Defendant maintains such information is irrelevant and is prejudicial by inferring to the jury that Defendant had, or has, some special skills or knowledge relating to real estate transactions (Doc. #33 at 2).

At the hearing, in opposition to Defendants arguments, *supra*, counsel for the government stated that he has requested information from the State of Florida which would reveal Defendant applied for a real estate broker license prior to its issuance date and that, in connection therewith, he completed real estate course work prior to the acts alleged in the Indictment (Doc. #37). Thus, the government contends that paragraph one of the Indictment is relevant and illustrates Defendant's specialized knowledge in the area of real estate transactions (Doc. #37). Additionally, the government maintains that it can show that Defendant continued to take monetary draws from the allegedly illegally obtained proceeds while licensed as a mortgage broker (Doc. #37).

Since the government has requested, and is presently awaiting, information that could demonstrate Defendant had some level of specialized knowledge in the area of real estate transactions during the time period of the acts alleged in the Indictment, the Court will deny the motion without prejudice, subject to renewal if the information subsequently received by the government tends to show that Defendant is entitled to his requested relief. The Court, however, will grant the motion to the extent that the sentence that reads "CHRISTOPHER REID maintained his mortgage broker license in active status until on or

about August 31, 2009" shall be stricken from the Indictment because is could be inferred from said statement that Defendant's mortgage broker license was revoked at that time.

Defendant's second argument in his motion to strike surplusage is that the words "upper-end," when used to describe the homes that are the subject of the Indictment, are prejudicial (Doc. # 33 at 2). The Court finds this argument unpersuasive because all of the homes enumerated in the Indictment were purchased for upwards of $400,000 (*see* Doc. #28). Thus, the Court finds the term "upper-end" to be an accurate description of the purchase price of the subject homes. Accordingly, Defendant's motion to strike the term "upper-end" from the Indictment is denied.

### 2. Motion for Bill of Particulars

In Defendant's motion for bill of particulars (Doc. #34), Defendant specifically seeks the following items:

a. The names of all person[s] whom the government will claim at trial were co-conspirators. . . .

b. The dates, to the extent known, that each of the co-conspirators, including [Defendant], allegedly joined the conspiracy.

c. The approximate dates and locations of any meeting or conversation at which the government will contend that [Defendant] joined the conspiracy. . . .

The purpose of a bill of particulars is to: (1) inform a defendant of the charge against him or her with sufficient precision to allow the preparation of a defense; (2) minimize surprise at trial; and (3) enable a defendant to plead double jeopardy in the event of a later prosecution for the same offense. *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985); *United States v. Cole*, 755 F.2d 748, 760-61 (11th Cir. 1985); *United States v. Cantu*,

557 F.2d 1173, 1178 (5th Cir. 1977), *cert. denied*, 434 U.S. 1063 (1978).[2]  Generalized discovery is not a proper purpose for seeking a bill of particulars.  *Warren*, 772 F.2d at 837.  In deciding whether a bill of particulars should be granted, the trial court is vested with broad discretion.  *Cole*, 755 F.2d at 760.

Additionally, if the detail of the allegations in an indictment is sufficient to inform a defendant of the charges pending against him or her, the government is not required to restate the information in a bill of particulars.  *United States v. Williams*, 113 F.R.D. 177, 179 (M.D. Fla 1986).  In *Williams*, the defendants filed a motion for a bill of particulars.  *Id.* at 177.  The motion specifically requested the date when the alleged conspiracy was formed and the manner and date when each defendant joined said conspiracy.  *Id.* at 178.  In denying such requests, the *Williams* court found: "[t]he detail and particularity of the allegations in the indictment [was] sufficient to inform defendants of the charges pending against them."  *Id.* at 179.

In this instance, the Indictment is a speaking indictment, which the undersigned finds alleges in sufficient detail: (1) the purpose of the alleged conspiracy; (2) the participation of Defendant in the alleged conspiracy; and (3) the overt acts allegedly committed by Defendant in furtherance of said conspiracy (*see* Doc. # 28 at 9-23).  Further, nearly all of the Indictment's allegations include approximate dates, and allege the participation of Defendant (Doc. # 28 at 9-23).  Therefore, the Court finds the purpose of a bill of particulars would not be served in this instance by requiring the government to provide the items requested in "b" and "c" of Defendant's motion, *supra*, because Defendant has been

---

[2]Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

sufficiently informed of such information *via* the twenty-eight page Indictment (*see* Doc. #28). Accordingly, Defendant's motion is granted only to the extent that he shall be entitled to receive from the government the names of all persons whom the government will claim at trial were co-conspirators.

### 3. Motion for Disclosure of Specific *Brady* Materials

In the motion for disclosure of specific *Brady* materials (Doc. #35), Defendant requests that the Court require the government to disclose, and provide, certain information regarding witnesses for the government that are known, or should be known, to the government (Doc. #35 at 1). Specifically, Defendant requests the potential witnesses': (1) criminal history; (2) prior testimony; (3) payments for assistance, leniency promises, threats of investigations or prosecutions; (4) prior untruthful or inconsistent testimony or statements; (5) assets or income from illegal activities; (6) polygraph examinations; (7) evidence of impairment, mental disease records, or drug use information; and (8) pretrial sentencing reports that contain exculpatory or impeachment evidence (Doc. #25 at 2-5,12).

The Supreme Court in *Brady* held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Evidence which is material either to the guilt or punishment of the defendant must be disclosed to the defense in a timely manner. *Id.* The government has a duty to learn of any favorable evidence known to those acting on the government's behalf in the case. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

In addition, presentence investigation reports in the hands of a court or a probation office are not usually producible in response to a discovery motion. *United States v.*

*Trevino*, 556 F.2d 1265, 1270-71 (5th Cir. 1977). However, such a report is producible if it is in the hands of the prosecutor and if, upon an *in camera* review, the trial judge determines that it contains exculpatory or impeachment materials. *United States v. Jackson*, 978 F.2d 903, 909 (5th Cir. 1992).

The Court would note that the information requested by Defendant is encompassed either by the Court's Standing Order related to general discovery (Doc. #16), Rule 16 of the Federal Rules of Criminal Procedure, or the Jencks Act, 18 U.S.C. § 3500. Consequently, the government, to the extent it possesses such information, is already under an obligation to provide it to Defendant. Further, counsel for the government did not object to providing such materials to Defendant as the information becomes available to the government, or as the government becomes aware of such materials (Doc #37).[3] The government also agreed to provide Defendant with known evidence of witness impairment, mental disease records, or drug use information (Doc #37).

As for Defendant's request for impeachment or exculpatory evidence included in the government witnesses' presentence investigation reports, the government maintains no such reports have been created as of yet (Doc #37). Therefore, the Court will deny Defendant's request for information contained within the aforementioned reports without prejudice. Defendant may renew his request for an *in camera* review of the presentence reports once any such reports have been created. The motion is otherwise granted.

---

[3]The Court notes that some of Defendant's *Brady* requests do not apply in this instance. For example, the government noted at the hearing that no polygraphs or informants have been utilized in the preparation of the case (Doc. #37).

Based on the foregoing, it is hereby **ORDERED**:

1. Defendant's motion to strike surplusage (Doc. #33) shall be **GRANTED to the extent provided herein**.

2. Defendant's motion for bill of particulars (Doc. #34) shall be **GRANTED to the extent provided herein**.

3. The motion for disclosure of specific *Brady* materials (Doc. #35) is **GRANTED to the extent provided herein**.

**DONE AND ORDERED** at Jacksonville, Florida this  2nd  day of July, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge